# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**CANDICE ALLEN-BOND,**

        Plaintiff,

v.                                             Case No: 6:17-cv-846-Orl-DCI

**COMMISSIONER OF SOCIAL SECURITY,**

        Defendant.

## MEMORANDUM OF DECISION

Candice Allen-Bond (Claimant) appeals to the District Court from a final decision of the Commissioner of Social Security (the Commissioner) denying her application for disability insurance benefits. Doc. 1; R. 1-6, 12, 142-43. Claimant argued (1) that the Administrative Law Judge (the ALJ) erred by failing to properly weigh the opinion of Kimberly E. Wilson, M.D. (Dr. Wilson) and (2) that the ALJ's assessment of Claimant's residual functional capacity (RFC) is not supported by substantial evidence.[1] Doc. 16 at 12-16; 20-24. For the reasons set forth below, the Commissioner's final decision is **AFFIRMED**.

## I. THE ALJ'S DECISION

In September 2013, Claimant filed an application for disability insurance benefits. R. 12, 142-43. Claimant alleged a disability onset date of April 1, 2010. *Id.*

The ALJ issued his decision on March 1, 2016. R. 12-22. In his decision, the ALJ found that Claimant had the following severe impairments: obesity, rheumatoid arthritis, and

---

[1] As will be discussed *infra* in Section III.B, the substance of Claimant's second argument is difficult to discern. *See* Doc. 20-24

degenerative disc disease. R. 14-16. The ALJ also found that Claimant had the following non-severe impairments: asthma, sleep apnea, anxiety, and depression. *Id*. The ALJ found that Claimant had an RFC to perform less than a full range of light work as defined by 20 C.F.R. § 404.1567(b).[2] R. 16. Specifically, the ALJ found as follows:

> After careful consideration of the entire record, I find that, through the date last insured, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except she requires a sit/stand option allowing alternating at will. She can occasionally stoop, kneel, crouch, crawl, balance, and climb ladders, ropes, scaffolds, ramps, and stairs. She should avoid concentrated exposure to extreme cold and pulmonary irritants.

*Id*. The ALJ posed a hypothetical question to the VE that was consistent with the foregoing RFC determination, and the VE testified that Claimant was capable of performing jobs in the national economy. R. 49-51. The ALJ thus found that Claimant was capable of performing jobs that existed in significant numbers in the national economy. R. 21-22. Therefore, the ALJ found that Claimant was not disabled between the alleged onset date and the date last insured. *Id*.

## II. STANDARD OF REVIEW

The scope of the Court's review is limited to determining whether the Commissioner applied the correct legal standards and whether the Commissioner's findings of fact are supported by substantial evidence. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). The Commissioner's findings of fact are conclusive if they are supported by substantial evidence,

---

[2] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 404.1567(b).

42 U.S.C. § 405(g), which is defined as "more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the Commissioner's decision, when determining whether the decision is supported by substantial evidence. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). The Court may not reweigh evidence or substitute its judgment for that of the Commissioner, and, even if the evidence preponderates against the Commissioner's decision, the reviewing court must affirm it if the decision is supported by substantial evidence. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

## III.     ANALYSIS

### A. Failure to Properly Weigh Dr. Wilson's Opinion

At step four of the sequential evaluation process, the ALJ assesses the claimant's RFC and ability to perform past relevant work. *Phillips*, 357 F.3d at 1238. "The residual functional capacity is an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite his impairments." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). The ALJ is responsible for determining the claimant's RFC. 20 C.F.R. § 404.1546(c). In doing so, the ALJ must consider all relevant evidence, including, but not limited to, the medical opinions of treating, examining, and non-examining medical sources. 20 C.F.R. § 404.1545(a)(1), (3); *see also Rosario v. Comm'r of Soc. Sec.*, 877 F. Supp. 2d 1254, 1265 (M.D. Fla. 2012).

The weighing of treating, examining, and non-examining physicians' opinions is an integral part of steps four and five of the sequential evaluation process. *See Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176 (11th Cir. 2011). The ALJ must consider a number of factors in determining how much weight to give each medical opinion, including: 1) whether the physician

has examined the claimant; 2) the length, nature, and extent of the physician's relationship with the claimant; 3) the medical evidence and explanation supporting the physician's opinion; 4) how consistent the physician's opinion is with the record as a whole; and 5) the physician's specialization. 20 C.F.R. § 404.1527(c).

A treating physician's opinion must be given substantial or considerable weight, unless good cause is shown to the contrary. *Winschel*, 631 F.3d at 1179; *see also* 20 C.F.R. § 404.1527(c)(2) (giving controlling weight to the treating physician's opinion unless it is inconsistent with other substantial evidence). "Good cause exists when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Winschel*, 631 F.3d at 1179 (quotation marks omitted).

Claimant argues that the ALJ erred in giving Dr. Wilson's opinion little weight because the bases for that determination articulated by the ALJ (i.e., that the opinion was not supported by the medical evidence of record and the limited objective findings (R. 20)) are not supported by the record. Doc. 16 at 12-16. Claimant also argues that the ALJ's finding that Claimant's treatment was conservative and had improved her symptoms was not supported by substantial evidence. *Id*. In addition., Claimant appears to argue that the ALJ erred by considering Dr. Wilson's credibility.[3] *Id*.

On December 18, 2015, Dr. Wilson completed a "Medical Source Statement of Ability to Do Work-Related Activities (Physical)" wherein Dr. Wilson opined, in part, as follows: Claimant can never lift or carry more than 5 pounds; Claimant can lift or carry less than 5 pounds

---

[3] It is not clear whether Claimant's argument is that the ALJ erred merely by considering Dr. Wilson's credibility or that the ALJ erred by relying on his assessment of Dr. Wilson's credibility in lieu of weighing the evidence. Doc. 16 at 14-15.

occasionally; Claimant is unable to sit for more than 20 minutes without interruption, is unable to stand for more than 5 minutes without interruption, and is unable to walk for more than 10 minutes without interruption; Claimant must use a wheelchair, walker, two canes, or two crutches to ambulate and is incapable of using her free hand to carry small objects; Claimant may only occasionally reach, handle, finger, and feel; Claimant is unable to push or pull; Claimant is unable to operate foot controls or drive due to "[a]dverse effect of medication"; and Claimant is unable to perform activities like shopping.  R. 806-10.

In his decision, the ALJ stated as follows with respect to Dr. Wilson's opinion:

On December 18, 2015, Dr. Kimberley Wilson, the claimant's rheumatologist, completed a medical source statement. Dr. Wilson opined that the claimant can occasionally lift less than five pounds, sit up to 20 minutes, stand less than five minutes, and walk less than 10 minutes at a time. The claimant requires the ability to alternate positions throughout the day and requires a cane to ambulate distances greater than 200 feet. She can never push or pull; she also cannot operate vehicles or drive due to adverse effects of her medication. Dr. Wilson further opined that the claimant can never work with unprotected heights, moving mechanical parts, humidity, wetness, pulmonary irritants, extreme heat and cold, and vibrations. Exhibit 21F. ***Little weight is accorded to the purported limitations, as they are not supported by the medical evidence of record and the limited objective findings***. Further, Dr. Wilson noted that she completed a disability statement for the claimant so that her student loans could be discharged. However, on the same date, she noted that the claimant's arthritis was "remarkably better" with use of her prescribed medication. Exhibit 13F/7. These notations strongly undermine the credibility of Dr. Wilson's opinion, as it was offered for the claimant's financial benefit and not based upon objective findings which clearly document significant improvement in the claimant's conditions.

I find the claimant's allegations and testimony to be only less than fully credible. The medical evidence does not establish that the claimant's impairments or symptoms are of a level and severity that would result in debilitating limitations. The claimant testified that she is essentially bedbound. However, this allegation is not mirrored in the evidence. Contrarily, she was documented to exercise, care for her minor son, and travel out of the country on several occasions. The medical evidence does not establish any medication side effects that would result in debilitating limitations. Rather, the claimant is documented to benefit from her medications and tolerate them without significant side effects. The claimant testified that she used a walker and cane to ambulate. However, the record is void of evidence that she was prescribed a cane or that she required an assistive device

for ambulation. The claimant has not required recurrent inpatient hospitalizations, recurrent emergency room visits, surgeries, prolonged physical therapy, or chronic pain management treatment for her allegedly disabling impairments. The claimant has reported that her arthritis and hack pain improved with medication and other treatment. Moreover, there are no treatment records from April of 2011 to March of 2013, clearly diminishing the credibility of the level of severity the claimant alleges. Most significantly, the claimant's treatment records repeatedly document the claimant to decline her recommended treatment and pursue herbs and other forms of holistic treatment that she later reported worsened her symptoms. Any limitation in the claimant's activities of daily living (Exhibit 5E and 8E) are self-restricted, as no treating source has advised the claimant to stay home all day, lie down during the day, or to restrict her activities of daily living in any manner. Rather, the claimant's physicians have advised her to stay active and exercise. Prior to the date last insured, the claimant took care of her self-care activities and those of her minor son, performed household chores, prepared meals, grocery shopped, and traveled out of country as so motivated. Most significantly, the claimant has not been advised to refrain from performing all gainful work activity by any credible treating source. ***As explicated more fully above, Dr. Wilson's opinions regarding the claimant's impairments are accorded minimal weight, as they are not supported by the evidence of record.***

R. 20. (emphasis added).

Throughout the decision, although not always discussed specifically in the context of Dr. Wilson's opinion, the ALJ noted various ways in which the medical evidence of record and limited objective findings are inconsistent with a finding of disability, and, thus, Dr. Wilson's opinion. For instance, the ALJ noted the following: the record is devoid of evidence that Claimant was prescribed a cane or requires an assistive device for ambulation; Claimant's pain has improved with medication and Claimant tolerates her medications without significant side effects; Claimant has traveled out of the country on multiple occasions; Claimant's doctors have advised her to exercise; and Claimant's "treatment has been conservative in nature, amounting to prescribed medication, physical therapy, and a series of injections." R. 18-20. The ALJ also noted during his discussion of Claimant's medical records that Claimant's physical examinations were unremarkable, that Claimant reported feeling better in various records, and that Claimant denied joint pain, muscle pain, and swelling in various records. *See id*.

Upon review, the Court finds that the foregoing inconsistencies identified by the ALJ are supported by the record and provide substantial evidence for the ALJ's decision to assign "little weight" to Dr. Wilson's opinion. *See* R. 260, 263-64, 275, 288, 290, 292, 294, 307-09, 323, 334-35, 337-38, 347, 352-54, 360-62, 382-83, 395, 408-09, 542, 671, 673-74, 689-90, 694, 782-83, 786-87, 824. As an example, the medical records repeatedly note that Claimant possessed normal strength and tone in her extremities, and, significantly, normal gait. *See, e.g.*, R. 263, 334, 337, 354, 362, 383, 394, 400, 404, 409, 463, 466, 506-07, 540, 671, 673-74, 692, 697, 754, 775, 781. Indeed, Claimant fails to provide the Court with a single citation to the medical records indicating that Claimant required a cane to ambulate.[4] Also, numerous medical records note that Claimant is responding well to medications, that Claimant has reported feeling better, and that Claimant has denied joint and muscle pain at various times. *See, e.g.*, R. 260, 264, 323, 335, 338, 347, 352, 360-61, 461, 465, 526, 546.

Claimant's citation to evidence that Claimant believes is consistent with Dr. Wilson's opinion is unpersuasive. The only issue is whether there is substantial evidence to support the ALJ's decision. The Court will not reweigh the evidence. *See Phillips*, 357 F.3d at 1240 n.8 (stating that the court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner]'") (citation omitted).

Further, the Court need not consider Claimant's remaining arguments – that the ALJ inappropriately considered Dr. Wilson's credibility and that the ALJ erred when stating that the objective findings clearly document significant improvement in Claimant's condition. Even to the

---

[4] The Court notes that one medical record mentioned that Claimant had been using a walker to ambulate. R. 645-50. But this appears to have been self-reported by Claimant. In addition, Claimant is noted in that record to possess normal range of motion, normal strength, normal gait, normal motor function, and no focal defects. *See* R. 649.

extent that the ALJ did err, any such error would have been harmless because the ALJ provided a satisfactory reason supported by substantial evidence for assigning "little weight" to Dr. Wilson's opinion. *See Wilson v. Comm'r of Soc. Sec.*, 500 F. App'x 857, 859-60 (11th Cir. 2012) (noting that remand was unwarranted even if the ALJ cited an improper finding to support his adverse credibility determination because there was sufficient evidence within the record to support the ALJ's other reasoning for his adverse credibility determination); *D'Andrea v. Comm'r of Soc. Sec. Admin.*, 389 F. App'x 944, 948 (11th Cir. 2010) (per curiam) (rejecting argument that ALJ failed to accord proper weight to treating physician's opinion "because the ALJ articulated at least one specific reason for disregarding the opinion and the record supports it."); *Gilmore v. Astrue*, 2010 WL 989635, at *14-18 (N.D. Fla. Feb. 18, 2010) (finding that the ALJ's decision to discount a treating physician's opinion was supported by substantial evidence, even though two of the many reasons articulated by the ALJ were not supported by substantial evidence).

In addition, the Court notes that Claimant cited no authority to support her argument that it was inappropriate for the ALJ to consider Dr. Wilson's credibility when weighing Dr. Wilson's opinion. Thus, Claimant waived that argument. *See, e.g.*, *Jacobus v. Comm'r of Soc. Sec.*, No. 15-14609, 2016 WL 6080607, at *3 n.2 (11th Cir. Oct. 18, 2016) (stating that claimant's perfunctory argument was arguably abandoned); *Gombash v. Comm'r of Soc. Sec.*, 566 Fed. App'x. 857, 858 n.1 (11th Cir. 2014) (stating that the issue was not properly presented on appeal where claimant provided no supporting argument); *NLRB v. McClain of Ga., Inc.*, 138 F.3d 1418, 1422 (11th Cir. 1998) ("Issues raised in a perfunctory manner, without supporting arguments and citation to authorities, are generally deemed to be waived."); *Gaskey v. Colvin*, No. 4:12-CV-3833-AKK, 2014 WL 4809410, at *7 (N.D. Ala. Sept. 26, 2014) (refusing to consider claimant's argument when claimant failed to explain how the evidence undermined the ALJ's decision)

(citing *Singh v. U.S. Atty. Gen*, 561 F.3d 1275, 1278 (11th Cir. 2009) ("[A]n appellant's simply stating that an issue exists, without further argument or discussion, constitutes abandonment of that issue and precludes our considering the issue on appeal.")).

Accordingly, the Court rejects Claimant's first assignment of error.

### B. Whether Substantial Evidence Supports the RFC

At the outset, the Court notes that it is difficult to discern Claimant's purported basis for reversal in Claimant's second argument. Doc. 16 at 20-24. Claimant provides a cursory discussion of various ways in which Claimant believes the ALJ to have mischaracterized the evidence, but Claimant provides no argument to suggest how these alleged mischaracterizations somehow render the ALJ's RFC determination unsupported by substantial evidence. Thus, Claimant waived the argument. *See, e.g.*, *Jacobus*, 2016 WL 6080607, at *3 n.2 (stating that claimant's perfunctory argument was arguably abandoned). Further, with one exception that will be discussed in the following paragraph, Claimant fails to explain how the alleged mischaracterizations, if corrected, would result in a more restrictive RFC. As such, Claimant has failed to demonstrate that the alleged mischaracterizations were not harmless. *See, e.g.*, *Wright v. Barnhart*, 153 F. App'x 678, 684 (11th Cir. 2005) (per curiam) (failure to weigh a medical opinion is harmless error if the opinion does not directly contradict the ALJ's RFC determination)

With that said, Claimant does appear to attempt to raise one specific argument regarding how the ALJ's RFC determination was allegedly insufficient. Specifically, Claimant appears to argue that the ALJ should have included in the RFC a requirement that Claimant be permitted to ambulate with a cane. *See* Doc. 16 at 20, 22-24. But Claimant fails to cite to any evidence to

suggest that Claimant did, in fact, require a cane to ambulate.[5] Thus, Claimant's argument is perfunctory and due to be denied. *See, e.g.*, *See, e.g.*, *Jacobus*, 2016 WL 6080607, at *3 n.2 (stating that claimant's perfunctory argument was arguably abandoned).

Regardless, Claimant failed to establish the need for a cane. SSR 96-9p provides, in part, as follows:

> **Medically required hand-held assistive device:** To find that a hand-held assistive device is medically required, there *must be medical documentation establishing the need for a hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed* (i.e., whether all the time, periodically, or only in certain situations; distance and terrain; and any other relevant information). The adjudicator must always consider the particular facts of a case. For example, if a medically required hand-held assistive device is needed only for prolonged ambulation, walking on uneven terrain, or ascending or descending slopes, the unskilled sedentary occupational base will not ordinarily be significantly eroded.

SSR 96-9p (italics added). Here, Claimant failed to direct the Court to any medical documentation establishing the need for a hand-held assistive device aside from Dr. Wilson's opinion, which the ALJ properly rejected. And, upon review, the Court finds substantial evidence in the record to support the ALJ's decision not to include the need for an assistive device in the RFC. *See, e.g.*, R. 20, 263, 334, 337, 354, 362, 383, 394, 400, 404, 409, 463, 466, 506-07, 540, 671, 673-74, 692, 697, 754, 775, 781. Thus, Claimant's argument is without merit.

Accordingly, the Court rejects Claimant's second assignment of error.

## IV. CONCLUSION

For the reasons stated above, it is **ORDERED** that:

1. The final decision of the Commissioner is **AFFIRMED**; and

---

[5] Instead, Claimant seems to rely solely on Dr. Wilson's opinion that Claimant was required to ambulate with a cane, which opinion the ALJ properly rejected as unsupported by the evidence. *See supra* Section III.A.

2. The Clerk is directed to enter judgment for the Commissioner and against Claimant, and close the case.

**DONE** and **ORDERED** in Orlando, Florida on September 13, 2018.

DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

The Honorable Steven J. Ehlenbeck
Administrative Law Judge
c/o Office of Disability Adjudication and Review
SSA ODAR Hearing Ofc
3105 Clairmont Rd
Atlanta, GA 30329-1015